JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHAEL CAPOBIANCO

**DEFENDANTS**
OFFICER WINCKLER BADGE 6880

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
O'Hanlon Law Firm, 1500 JFK Blvd, Ste 1410
Philadelphia, PA 19102.  267.546.9066.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983.

Brief description of cause:
Illegal seizure & excessive force.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 250,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE ____    DOCKET NUMBER ____

DATE: 7/19/2022
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __c/o O'Hanlon Law Firm, 1500 JFK Blvd, Ste 1410, Phila. PA 19102__

Address of Defendant: __Law Dept. for the City of Philadelphia.__

Place of Accident, Incident or Transaction: __Philadelphia__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __7/19/22__   _____(signature)_____   __208428__
                    Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # *(if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*: _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Stephen O'Hanlon__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __7/19/22__   _____(signature)_____   __208428__
                    Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # *(if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CAPOBIANCO,<br><br>         Plaintiff,<br>v.<br><br>POLICE OFFICER WINCKLER<br>(BADGE # 6880, 8ᵀᴴ POLICE DISTRICT),<br><br><br>         Defendant. | CIVIL ACTION<br><br>NO.<br><br>JURY TRIAL<br>DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff, Michael Capobianco, by and through his undersigned counsel of the O'Hanlon Law Firm, P.C., hereby demands a trial by jury and complains against the above-captioned Defendant in his individual capacity as follows:

### Statement of Claim and Jurisdiction

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, against Defendant Officer Winckler in his individual capacity. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. It is alleged that the individual police officer Defendant Winckler ("Defendant") under color of law made an unreasonable seizure of the person of Plaintiff, violating his rights under the Fourth Amendment to the United States Constitution and Defendant also engaged in excessive force also violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

## Parties

3. Michael Capobianco (hereinafter "Plaintiff") is a citizen of the United States and at all times relevant to the claims arising herein, was citizen of the Commonwealth of Pennsylvania and resident of Philadelphia County.

4. Defendant Winckler, was at all times relevant to this Complaint duly appointed and acting officer of the Police Department of the City of Philadelphia, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania and/or the City of Philadelphia.

## Facts

5. On or about February 5, 2022, Plaintiff, who is a Liquor Restaurant and Bar license holder, appropriately parked his vehicle in front of his designated store at Pennsylvania Wine & Spirits located at Franklin Mills in Philadelphia.

6. Plaintiff parked in the assigned and appropriate parking place for liquor license holders.

7. Plaintiff saw Defendant writing a ticket for Plaintiff's vehicle outside the store. Plaintiff explained to Defendant that he was in the business for 25 years. Defendant told Plaintiff that Plaintiff should have a special license on his vehicle. Plaintiff told Defendant that this was untrue and Defendant had been made aware of this previously.

8. Plaintiff and Defendant entered the store and the store clerk showed Defendant that Plaintiff had a liquor license for Plaintiff's home store and it was explained that Plaintiff was parked appropriately.

9. Plaintiff was never combative and never threatened Defendant.

10. Despite this, Defendant pulled and dragged Plaintiff out of the store.

2

11. Defendant caused injury to Plaintiff's shoulder which has necessitated continuing physical therapy.

12. Plaintiff had not committed any crime and was not a suspect. Defendant had neither reasonable suspicion to detain nor probable cause to seize Plaintiff. There was no legal basis for any seizure.

13. Plaintiff was not violent and did not in any way threaten Defendant. Despite this, Defendant pulled and dragged Plaintiff out of the store, causing injury to Plaintiff with treatment continuing to this day, more than five months after the incident. Plaintiff asked Defendant to get off Plaintiff and Plaintiff informed Defendant that he could not physically assault Plaintiff for no reason.

14. After Plaintiff was dragged outside, Plaintiff requested that Defendant call a supervisor. Plaintiff asked Defendant for his name. Defendant refused to call a supervisor and Defendant refused to give Plaintiff Defendant's name.

15. Plaintiff called 911 and a supervisor came. The supervisor told Plaintiff that he should go to the 8th Police District to report the incident and Plaintiff did so.

16. Defendant knew, or should have known based on the facts, that Plaintiff did not commit any crime or offense for which an arrest or seizure may be lawfully made, yet Defendant still proceeded to seize and detain Plaintiff.

17. As a direct and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer emotional distress and physical injury to his shoulder.

18. The illegal and unlawful seizure of Plaintiff, particularly in light of the fact that Defendant had full knowledge of the lack of any legitimate cause or justification, was

3

intentional, malicious, reckless and in bad faith. As a direct and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer mental anguish.

19. As a direct and proximate result of Defendant's actions, Plaintiff also suffered physical injury requiring ongoing medical treatment.

20. The actions of Defendant, acting under color of state law, deprived Plaintiff of his rights under the Constitution of the United States; in particular, the right, to be secure in his person.

21. By these actions, Defendant has deprived Plaintiff of rights secured by the Fourth Amendment to the United States Constitution in violation of 42 U.S.C. Section 1983.

22. The actions of Defendant were malicious, illegal, unlawful, and directed at depriving Plaintiff of his constitutional rights.

## Causes of Action

### COUNT ONE: 42 U.S.C. § 1983 – FOURTH AMENDMENT - ILLEGAL SEIZURE — AGAINST DEFENDANT

23. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

24. Defendant caused Plaintiff to be detained and seized in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution.

25. Defendant violated Plaintiff's constitutional Fourth Amendment rights to be free from unreasonable detention and seizure guaranteed by the United States Constitution.

26. Defendant physically seized Plaintiff by pulling and dragging Plaintiff and not allowing Plaintiff to leave.

27. Plaintiff remained in the confines of the police until Defendant and his supervisor decided to release Plaintiff. As a result of Defendant's actions, Plaintiff was detained without a reasonable suspicion, probable cause, and without a valid warrant.

28. As a result of the Defendant's conduct, Defendant is liable for Plaintiff's injuries because Defendant was an integral participant in the unreasonable detention and seizure.

29. All of the aforementioned acts of the Defendant were carried out under the color of state law and by Defendant in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

30. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, including right to be free from unreasonable search and seizure.

31. Defendant's conduct was willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages.

32. Plaintiff should, therefore, be compensated for the violation of his Fourth Amendment rights.

### COUNT TWO: FOURTH AMENDMENT – EXCESSIVE FORCE — AGAINST DEFENDANT

33. Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth.

34. Plaintiff was subjected to a seizure within the meaning of the Fourth Amendment through the application of force.

35. The application of force against the Plaintiff was unreasonable under the circumstances and unconstitutionally excessive.

36. The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being seized even if the seizure is otherwise proper.

37. Defendant, acting under color of state law, viciously and vilely attacked the Plaintiff for no reason causing extensive physical injuries to Plaintiff's body.

38. The named Defendant used excessive force in the seizure of the Plaintiff in that there was absolutely no need for the application of any force, and in view of the fact that the amount of force actually used by Defendant exceeded the amount of force which a reasonable officer would have used under similar circumstances.

39. Accordingly, no physical force of any kind was required or should have been employed against the Plaintiff here.

40. Plaintiff did not present any threat to Defendant or any other persons or property when he was assaulted.

41. Suddenly and without warning, Defendant viciously grabbed and pulled Plaintiff.

42. The quick and explosive force of Defendant's brutal attack on Plaintiff caused Plaintiff's shoulder to be injured. Plaintiff was immediately overcome with pain.

43. Plaintiff suffered extensive injuries that require ongoing physical therapy treatment.

44. The use of force was not reasonable under the Constitution where, as here, there was no need for any force at all, and most especially the force that was used.

45. Defendant had and has a personal involvement in the infringement of Plaintiff's Fourth Amendment rights. Defendant was acting under color of state law and his actions were

done by Defendant in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

46. Defendant intentionally engaged in the use of excessive force against Plaintiff whereby they viciously and criminally assaulted Plaintiff. Such conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages to punish and deter the Defendant and others like the Defendant from further wrongdoing.

47. Therefore, Plaintiff should be compensated for the violation of his Fourth Amendment rights not to be subjected to excessive use of government/police force.

## **Prayer for Relief**

WHEREFORE, Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff against Defendant;

b. Award costs of this action to Plaintiff;

c. Award reasonable attorneys' fees and costs to Plaintiff;

d. Award punitive damages to Plaintiff because of the wanton conduct of Defendant and to deter such actions in the future especially because Defendant had no justification for his actions and abused his office to engage in baseless bullying;

e. Award such other and further relief as this Court may deem appropriate.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial.

Respectfully submitted,

**The O'Hanlon Law Firm, P.C.**

_/s/ Stephen T. O'Hanlon_
STEPHEN T. O'HANLON, ESQUIRE

DATE: July 19, 2022

The O'Hanlon Law Firm, P.C.
BY: Stephen T. O'Hanlon, Esquire
PA Bar # 208428
Attorney for Plaintiff
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel: (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonlawfirm.com